**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL–CIO and Charles Stanley Painter, Appellants**

v.

**Thomas J. VILSACK, in his official capacity as United States Secretary of Agriculture, et al., Appellees**

No. 15-5259
September Term, 2016

United States Court of Appeals,
District of Columbia Circuit.

Filed on: November 1, 2016

David A. Borer, General Counsel, Andres M. Grajales, Esquire, American Federation of Government Employees, Washington, DC, for Appellant American Federation of Government Employees, AFL–CIO.

David A. Borer, General Counsel, Andres M. Grajales, Esquire, Matthew Whitmore Milledge, Assistant General Counsel, American Federation of Government Em-

ployees, Washington, DC, for Appellant Charles Stanley Painter.

DOJ Appellate Counsel, Mark B. Stern, Attorney, Daniel Tenny, Attorney, U.S. Department of Justice (DOJ), Civil Division, Appellate Staff, Benjamin Charles Mizer, Solicitor, U.S. Department of Justice (DOJ), Office of the Assistant Attorney General, Washington, DC, for Appellees.

Before: Srinivasan and Pillard, Circuit Judges, and Edwards, Senior Circuit Judge.

## JUDGMENT

Per Curiam

The court considered this appeal on the record and the briefs of the parties. *See* D.C. Cir. R. 34(j). The panel has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs–Appellants, the American Federation of Government Employees, AFL–CIO, and AFGE officer Charles Painter (collectively, AFGE) challenge a final rule of the Department of Agriculture that changes the way the Department's Food Safety Inspection Service (Service) implements the Poultry Products Inspection Act (PPIA), 21 U.S.C. §§ 451 *et seq.* The challenged rule authorizes the New Poultry Inspection System (NPIS) as a method of PPIA compliance by entities that process poultry for human consumption. 79 Fed. Reg. 49,566 (Aug. 21, 2014) (codified at 9 C.F.R. pts. 381 and 500). Before the Service developed the NPIS, each of its approved poultry inspection systems required that multiple government inspectors be stationed at fixed positions along each slaughter processing line to inspect the head, viscera and exterior of each bird organoleptically, *i.e.*, using sight, touch and smell. *See Am. Fed'n of Gov't Emps. v. Glickman*, 215 F.3d 7, 8–9 (D.C. Cir. 2000). The NPIS authorizes poultry processors to shift much of that "online" work to their own employees, submitting their product to governmental organoleptic inspection only at the end of each line, but undergoing more concentrated governmental inspection of "offline" food-safety activities such as pathogen testing and verification of the plants' sanitary standards. *See Food &Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 916 (D.C. Cir. 2015). The NPIS grew out of studies the Service undertook pursuant to its Pathogen Reduction/Hazard Analysis and Critical Control Points (HACCP) rule in an effort to identify adulterated food sources more effectively and efficiently. *Id.* at 911.

AFGE contends the New Poultry Inspection System violates the PPIA. The district court dismissed the complaint for lack of the requisite allegations of causation and redressability to support plaintiffs' standing to challenge the adequacy of regulation of the nonparty poultry processors. *Am. Fed'n of Gov't Emps., AFL–CIO v. Vilsack*, 118 F.Supp.3d 292, 299–302 (D.D.C. 2015). The plaintiffs appealed, contending that their allegations identify a sufficiently concrete, particularized and imminent risk to them of illness from the NPIS, redressable by that system's invalidation, to support their standing to sue.

Shortly after the plaintiffs filed this appeal, we dismissed a similar complaint for want of standing in *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d at 909. We held that those plaintiffs had failed to allege facts showing how risks from less intensive online inspection would not be offset by the additional resources the NPIS allo-

cates to offline inspection. *Id.* at 915–17. The plaintiffs thus "fail[ed] to allege that the NPIS as a whole will produce significantly more adulterated, unwholesome chicken compared to the existing inspection systems." *Id.* at 915.

*Food & Water Watch* forecloses this appeal. AFGE does not allege materially more than the plaintiffs did in *Food & Water Watch* to show that the NPIS causes a concrete and imminent risk of foodborne illness to its members that this court could redress. AFGE contrasts its complaint with *Food & Water Watch* by contending that it has more squarely pleaded a statutory violation. But that has more to do with the merits than with standing. AFGE also points to Congress's determination that adulterated poultry can injure consumers, Appellants' Br. at 18 (citing 21 U.S.C. § 451), and asserts that Congress thereby determined that any violation of the statute necessarily results in injury to consumers. But a general congressional determination that the risk of future harm to the public warrants prophylactic legislation does not alone suffice to bestow standing on all intended beneficiaries of such legislation. "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, —— U.S. ——, 136 S.Ct. 1540, 1549, 194 L.Ed.2d 635 (2015). Seeing no basis for distinguishing *Food & Water Watch* from the appeal before us, we affirm.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(b).